UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PAULINE ROCKE,

　　　　　　　　　*Plaintiff,*

　　　　- against -

JUDGE ROBERT HETTLEMAN, PSAI, ACS,
MARLBORO HOUSING, CINDY VILLAN,

　　　　　　　　　*Defendants.*

**MEMORANDUM & ORDER**
25-cv-02619 (NCM) (JRC)

---

PAULINE ROCKE,

　　　　　　　　　*Plaintiff,*

　　　　- against -

CONEY ISLAND HOSPITAL, ACS, 60TH
PRECINCT, MAYRAURRA DAMSM,

　　　　　　　　　*Defendants.*

25-cv-02622 (NCM) (JRC)

---

**NATASHA C. MERLE,** United States District Judge:

　　*Pro se* plaintiff Pauline Rocke filed the above-captioned complaints. Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted. For the reasons discussed below, plaintiff's complaints are **DISMISSED**.

## BACKGROUND

　　Submitted on May 7, 2025, these are plaintiff's tenth and eleventh actions[1] in this

---

[1]　　*Rocke v. Hettleman et al,* 24-cv-05874 (NCM) ("*Rocke I*"); *Rocke v. Hettleman et al,* 24-cv-05961 (NCM) ("*Rocke II*"); *Rocke v. Turbow,* 24-cv-06041 (NCM) ("*Rocke III*"); *Rocke v. USA et al,* 25-cv-00040 (NCM) ("*Rocke IV*"); *Rocke v. Coney Island Hospital EMT et al,* 25-cv-00627 (NCM) ("*Rocke V*"); *Rocke v. PSA1 ACS et al,* 25-cv-00628 (NCM) ("*Rocke VI*"); *Rocke v. Coney Island Hospital et al.,* 25-cv-00983 (NCM) ("*Rocke VII*"); *Rocke v. Rodricus et al.,* 25-cv-00986 (NCM) ("*Rocke VIII*"); *Rocke v. ACS et al.,* 25-cv-

1

Court making the same or similar allegations. None of her prior submissions have provided a viable federal claim, nor have they lent clarity to the basis or bases for her claims. And although plaintiff has been granted leave to amend her previous complaints in *Rocke V* and *Rocke VI*, Ms. Rocke has instead continued to file new complaints. Like all her prior submissions, the instant complaints, to the extent they are comprehensible, concern her emergency mental health care treatment and allegedly fabricated conditions that led to the removal of her child from her custody.

In *Rocke X*, the complaint is as incomprehensible as her prior actions.  For example, asked to describe the injuries suffered she states:

> misleading information incentivizing silence falsely blaming put my in Coney Island hosptial 8 day to remove my son to cover up the fact remove my kids sexually molested forget to say that misinform why keep remove kids legal ramifications misrepresentation of ask for 2007 judiciary and judicial procedure in forma paupers Biven

*Rocke X*, Compl. 6.[2]

In *Rocke XI*, the facts she supplies as her statement of claim are:

> mislead rumor of a hiv/sexually molestation/see if have hiv whole lot of misrepresentation negligent misrepresentation of my case why remove for my home on Jan 24 2024 at 12 pm Doreen ornenamis lead and knowlegde not mental health see run blood test see rumor a true and help remove my son 3 time I have 6 kid target by first baby Daddy family and friend first my case acs and police wrongfully convicted take my blood sexy register list stated of delusional accessory after the fact explotation and resource extraction organization systematic errors right enforcement in care accessory after the fact

*Rocke XI*, Compl. 5.

---

02529 (NCM) ("*Rocke IX*"); *Rocke v. Judge Hettleman et al.*, 25-cv-02619 (NCM) ("*Rocke X*"); *Rocke v. Coney Island Hospital et al.*, 25-cv-02622 (NCM) ("*Rocke XI*").

[2]    The Court quotes all of plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

The relief she seeks from the Court in both complaints is similarly incomprehensible. *See Rocke X*, Compl. 7; *Rocke XI*, Compl. 6.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of her claim against each named defendant so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the

---

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000). "The basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss a complaint on its own initiative where the complaint does not comply with Rule 8. *Id.*

Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court must dismiss plaintiff's complaints in their entirety because, even construed liberally, they fail to meet Rule 8's minimal pleading requirements. Specifically, plaintiff fails to provide a "short and plain" statement of her claims against each named defendant so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage*, 916 F.3d at 141. As with her prior actions, plaintiff appears to seek relief from individuals and entities who were involved in her healthcare and hospitalization, but her complaints do not suggest a basis for relief or whether such relief is within this Court's power to consider. Thus, even liberally construing the complaints in plaintiff's favor, plaintiff's allegations fail to state a claim for relief. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Plaintiff's complaints are therefore dismissed.

The Court has considered and declines to afford plaintiff an opportunity to amend these complaints. Given plaintiff's litigation history and the complaints' defects, it is

unlikely that plaintiff can cure the defects by amendment. Thus, the Court concludes that granting plaintiff leave to amend would be futile. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). Further, as stated above, plaintiff has filed nine other complaints in this court within the last year, in which she similarly seems to allege wrongful conduct as to her healthcare and the care of her child. And though plaintiff's complaints contain various defendants,[4] given that at this stage it appears all her claims concern the same underlying facts, it would likely be a waste of resources for plaintiff to amend this action, when she has several similar actions already pending.[5] It is important that the Court and defendants not be required to expend resources on patently frivolous litigation. *See Gonzales v. Wright*, 06-cv-01424, 2010 WL 681323, at \*12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases).

## CONCLUSION

For the reasons stated above, the actions are dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim for relief. 28 U.S.C. § 1915 (e)(2)(B)(ii). Further, the Court warns plaintiff—for the second time—

---

[4]    Plaintiff has brought claims against several defendants, some of whom have been named in multiple complaints. This includes Judge Robert Hettleman who plaintiff has named as a defendant in two of her complaints, in addition to one of the instant complaints, *Rocke X*. As the Court has previously explained, Judge Hettleman is likely immune from suit. *See Rocke I*, Dismissal Order dated January 28, 2025; *Rocke VI*, Dismissal Order dated April 30, 2025.

[5]    In *Rocke V* and *Rocke VI*, the Court dismissed plaintiff's complaints on April 30, 2025, and granted plaintiff leave to amend her complaints by May 30, 2025. *See Rocke V*, Dismissal Order dated April 30, 2025; *Rocke VI*, Dismissal Order dated April 30, 2025. Instead of amending her complaints in *Rocke V* and *Rocke VI*, during the period between April 30, 2025, and May 30, 2025, plaintiff filed three new complaints in *Rocke IX*, *Rocke X*, and *Rocke XI*.

that it will not tolerate frivolous litigation and that if she persists in filing duplicative actions, the Court may enter an Order barring the acceptance of any future *in forma pauperis* complaints for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; *see, e.g.*, *In re Martin-Trigona*, 9 F.3d 226, 227–29 (2d Cir. 1993); *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005); *see also Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (noting that a district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgments, close these cases, mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

          */s/ Natasha C. Merle*
          NATASHA C. MERLE
          United States District Judge


Dated:  May 29, 2025
     Brooklyn, New York